UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| METROPOLITAN PROPERTY AND : | |
| CASUALTY INSURANCE COMPANY, : | |
|     Plaintiff, : | |
| : | |
| v. : | 3:12-cv-00389-WWE |
| : | |
| EDWARD E. BRIGGS, JR. and : | |
| KAREN G. BRIGGS, : | |
|     Defendants. : | |

**MEMORANDUM OF DECISION ON PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT**

Plaintiff Metropolitan Property and Casualty Insurance Company ("Metropolitan") issued defendants Edward R. Briggs, Jr. and Karen G. Briggs a homeowners insurance policy. Plaintiff has moved for summary judgment seeking a declaration by this Court that it has no duty to defend or indemnify either defendant from a lawsuit filed against them in Connecticut Superior Court. For the following reasons, plaintiff's motion will be granted.

**BACKGROUND**

A lawsuit was filed against defendants in Connecticut Superior Court, Judicial District of New London at Norwich. The complaint alleges that Edward Briggs sexually assaulted a minor at the Briggs' home beginning in 2007 and lasting through September 2009, when the victim was between the ages of two and four. The complaint states that Mr. Briggs "made physical contact with the minor [p]laintiff's genitals and crotch area." As a result, the victim sustained personal and psychological injuries including numerous bruises and abrasions to her crotch and vaginal region, great pain and suffering, anxiety, depression, mental anguish, nightmares and sleep disruption. All counts in the Superior Court complaint stem from the alleged sexual molestation.

At some of the times of the incidents alleged in the state court lawsuit, Edward and Karen Briggs were the named insured on a homeowners insurance policy issued by plaintiff Metropolitan.  The insurance policy at issue contains the following relevant provisions:

### GENERAL DEFINITIONS

The following words and phrases appear repeatedly throughout this policy. They have a special meaning and are to be given that meaning whenever used in this policy or any endorsement which is part of this policy.

"**BODILY INJURY**" means any bodily harm, sickness or disease. The term includes required care, loss of services and death if it is a result of such bodily harm, sickness or disease.

**Bodily injury** does not include:
a. any of the following which are transmitted by **you** to any other person: disease, bacteria, parasite, virus or other organism; or
b. the exposure to any such disease, bacteria, parasite, virus or other organism by **you** to any other person; or
c. the actual, alleged or threatened sexual molestation of a person.

****

"**OCCURRENCE**" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions, resulting in **bodily injury** or **property damage** during the term of the policy.

****

### SECTION ll - LOSSES WE COVER
**COVERAGE F- PERSONAL LIABILITY**
**We** will pay all sums for **bodily injury** and **property damage** to others for which the law holds **you** responsible because of an **occurrence**. This includes prejudgment interest awarded against **you**.
**We** will defend **you**, at **our** expense with counsel of **our** choice, against any suit or claim seeking these damages. **We** may investigate, negotiate, or settle any suit or claim.

****

### SECTION ll – LOSSES WE DO NOT COVER
**COVERAGE F- PERSONAL LIABILITY AND COVERAGE G- MEDICAL PAYMENTS TO OTHERS, WE DO NOT COVER:**
1. **bodily injury** or **property damage** which is reasonably expected or intended by **you** or which is the result of **your** intentional and criminal acts. This exclusion applies even if **you** lack the mental capacity, for whatever reason, to govern **your** conduct.

**DISCUSSION**

A motion for summary judgment must be granted if the pleadings, discovery materials before the court and any affidavits show that there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

A dispute regarding a material fact is genuine if there is sufficient evidence that a reasonable jury could return a verdict for the nonmoving party.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute.  Am. Int'l Group, Inc. v. London Am. Int'l Corp., 664 F.2d 348, 351 (2d Cir. 1981).

If a nonmoving party has failed to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof, then summary judgment is appropriate.  Celotex Corp., 477 U.S. at 323.  If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met.  Liberty Lobby, 477 U.S. at 24.  The mere existence of a scintilla of evidence in support of the nonmoving party's position is insufficient; there must be evidence on which the jury could reasonably find for him.  See Dawson v. County of Westchester, 373 F.3d 265, 272 (2d Cir. 2004).

On summary judgment, the court resolves all ambiguities and draws all permissible factual inferences in favor of the nonmoving party.  See Patterson v. County of Oneida, 375 F.3d 206, 218 (2d Cir. 2004).  If there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party on the issue on which summary judgment is sought, summary judgment is improper.  See Security Ins. Co. of Hartford v. Old Dominion

Freight Line Inc., 391 F.3d 77, 83 (2d Cir. 2004).

"It is the function of the court to construe the provisions of the contract of insurance." O'Brien v. United States Fidelity and Guaranty Co., 235 Conn. 837, 842 (1996) (citation omitted). Under Connecticut law, the terms of an insurance policy are to be construed according to the general rules of contract interpretation. Heyman Associates No.1 v. Insurance Company of the State of Pennsylvania, 231 Conn. 756, 768-70 (1995).

An insurer may have two separate obligations to its insured with regard to a lawsuit: the obligation to defend the insured in that lawsuit, and the obligation to indemnify or pay any settlement or judgment. The duty to defend is broader that the duty to indemnify. Schilberg Integrated Metals Corp. v. Continental Casualty Co., 263 Conn. 245, 256 (2003). When there is no duty to defend, there is also no duty to indemnify. DaCruz v. State Farm Fire and Cas. Co., 268 Conn. 675 (2003).

Plaintiff argues that it has no duty to defend defendants in the state court suit based upon the definition of bodily injury in the policy. The definition of bodily injury in the policy excludes "the actual, alleged or threatened sexual molestation of a person." Accordingly, plaintiff contends that any injury, if it is the result of sexual molestation, is not bodily injury under the policy.

Defendant Karen Briggs contends that the definition of excluded coverage under the policy only apples to the "act" of sexual molestation rather than the actual injury or injuries arising from the sexual molestation. In other words, defendant argues that bodily injuries sustained *as a result* of sexual molestation should be covered by the policy. This contention must fail as it would render the exclusionary provision of the contract meaningless.

Contract language that is susceptible to more than one reasonable interpretation makes

4

the contract ambiguous.  Poole v. City of Waterbury, 266 Conn. 68, 88 (2003).  Here, however, defendant's interpretation is not reasonable.

In addition to sexual molestation, the exclusionary provision excludes from the definition of bodily injury: disease, bacteria, parasite, virus or other organism.  If we extend defendant's reasoning to these other excluded categories, insureds would be covered for bodily injury *as a result* of disease, bacteria, parasite, virus or other organism, despite that disease, bacteria, parasite, virus or other organism themselves, like sexual molestation, are clearly and explicitly excluded from coverage.  This would render the exclusionary provision virtually meaningless.

"The law of contract interpretation militates against interpreting a contract in a way that renders a provision superfluous."  United Illuminating Co. v. Wisvest-Connecticut, LLC, 259 Conn. 665, 674 (2002).  As the only reasonable interpretation of the policy excludes coverage for injury arising from sexual molestation, plaintiff's motion for summary judgment will be granted.

## **CONCLUSION**

For the foregoing reasons, plaintiff's motion for summary judgment is GRANTED.  Plaintiff has no duty to defend or indemnify either defendant from the lawsuit filed against them in Connecticut Superior Court.

Dated this 29th day of May, 2013, at Bridgeport, Connecticut.

                                           /s/
                              WARREN W. EGINTON
                              SENIOR UNITED STATES DISTRICT JUDGE